IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROMMEL FUENTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-458 (RDA/LRV) |
| | ) |
| UBER TECHNOLOGIES, INC., *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim. Dkt. 12. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendants' Memorandum in Support (Dkt. 13), Plaintiff Fuentes' Opposition and Opposition Brief (Dkt. Nos. 14; 15), and Defendants' Reply (Dkt. 16), this Court GRANTS-IN-PART and DENIES-IN-PART the Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background[1]

Plaintiff is a citizen of Virginia. Dkt. 1 ¶ 2. Defendant Kehinde Idogho Micah ("Micah") is a citizen of Maryland. *Id.* ¶ 3. Defendant Uber Technologies, Inc. ("Uber") is a Delaware corporation with a principal place of business in San Francisco, California. *Id.* ¶ 4. Defendant Rasier, LLC ("Rasier"), Defendant Uber USA ("Uber USA"), and Defendant Uber Insurance

---

[1] For purposes of considering the instant Motion, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

Services, LLC ("Uber Insurance") are limited liability companies organized under the laws of Delaware with a principal place of business in San Francisco, California. *Id.* ¶¶ 5-7. Rasier, Uber USA, and Uber Insurance are wholly owned subsidiaries of Uber, and Uber is the sole member of each of these subsidiaries. *Id.*

On June 22, 2021, Plaintiff Rommel Fuentes entered Micah's vehicle with another passenger for an Uber ride, heading to 1221 North Pierce Street in Arlington, Virginia. Dkt. 1-2 ¶ 1. At the time, Micah was an employee or agent of Uber, Rasier, Uber USA, and/or Uber Insurance (collectively, the "Uber Defendants"). *Id.* ¶ 2. When Micah arrived at North Queen Street near 1221 North Pierce Street, he put the vehicle in park and let Plaintiff and the other passenger out in a parking lot between North Queen Street and North Pierce Street. *Id.* ¶¶ 4-5. As Plaintiff and the other passenger walked toward their destination at 1221 North Pierce Street, Micah left his vehicle and complained that he did not receive payment for the ride. *Id.* ¶¶ 5-6. After Plaintiff told Micah that he had not cancelled the Uber ride, Micah "negligently reacted by striking" Plaintiff, causing "serious and permanent injuries" to Plaintiff. *Id.* ¶ 6.

B.  Procedural Background

Plaintiff filed a Complaint in the Circuit Court for Arlington County in Virginia on February 21, 2023, seeking $15 million in damages based on negligence, vicarious liability/agency, negligent hiring, negligent retention, and negligent entrustment. Dkt. 1-2 at 1-2. The Uber Defendants filed a Demurrer on March 30, 2023. Dkt. 1-3. Thereafter, the Uber Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on April 7, 2023. *See* Dkt. 1.[2] The Uber Defendants filed a Motion to Dismiss for Failure to State a Claim

---

[2] At the time of removal, Micah had not yet entered an appearance in the Arlington County action. Dkt. 1. The general rule is that "Defendants . . . who are unserved when the removal petition is filed need not join it." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.9

("Motion to Dismiss"), Dkt. 12, along with a Memorandum in Support, Dkt. 13, on April 25, 2023.[3] Plaintiff filed an Opposition to the Motion on May 12, 2023. Dkt. Nos. 14; 15. Defendants filed a Reply on May 19, 2023. Dkt. 16.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a Rule 12(b)(6) motion, a "court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## III. ANALYSIS

Plaintiff asserts four claims against the Uber Defendants: (1) vicarious liability, (2) negligent hiring, (3) negligent entrustment, and (4) negligent retention based on the alleged assault

---

(4th Cir. 1988). On this record, there is no evidence that Micah has been served. Accordingly, the Court direct Plaintiff to file a brief regarding the status of service on Micah.

[3] The Motion addresses the claims against the Uber Defendants collectively and does not distinguish between the Uber Defendants. Accordingly, the Court does the same.

and battery committed by Micah. Because Plaintiff fails to plead sufficient facts to support the claims, Defendants Uber's Motion to Dismiss will be granted.

### A. Plaintiff Has Plausibly Alleged Vicarious Liability

The Uber Defendants first contend that Micah is not an employee or an agent of the Uber Defendants. Dkt. 13 at 4. Recognizing that Plaintiff has alleged that Micah is an employee or agent of the Uber Defendant, the Uber Defendants accept that, on a motion to dismiss, that allegation must be accepted. Dkt. Nos. 1-2 ¶ 2; 13 at 4. Thus, this Court accepts Plaintiff's factual allegation that Micah is an employee or agent of the Uber Defendants as true, for purposes of this Motion. *Hall*, 846 F.3d at 765.

Under Virginia law, "an employer is liable for the tortious acts of its employee if the employee was performing his employer's business and acting within the scope of his employment when the tortious acts were committed." *Garnett v. Remedi Seniorcare of Va., LLC*, 892 F.3d 140, 145 (4th Cir. 2018) (quoting *Plummer v. Ctr. Psychiatrists, Ltd.*, 252 Va. 233, 235 (1996)). "[A]n employee's act falls within the scope of his employment only if (1) the act 'was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed . . . with the intent to further the employer's interest.'" *Id.* (quoting *Kensington Assocs. v. West,* 234 Va. 430, 432 (1987)). In other words, if an employee's tortious act furthers an employer's interests, then vicarious liability applies to the employer. *Id.* An "external, independent, and personal motive" on the part of an employee to commit a wrongdoing can influence the determination of whether the employee was acting within the scope of his employment. *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 849 (2019). The motive factor weighs heavily if the employee's act deviates significantly from the employer's business. *Id.* If the motive of the employee is clear and the deviation of the employee's act from the employer's

4

business is "marked and unusual," then there is no question of fact on whether the employee was acting within the scope of his employment. *Id.*

The specific issue here is whether, at the time Micah left his vehicle in order to recover payment (as alleged in the Complaint), Micah was still acting within the scope of his employment. Based on Virginia law, this Court finds that Micah was acting within the scope of his alleged employment (and all parties accept that an employment relationship existed for purposes of this Motion). In Virginia, when there is an alleged employment relationship, there is a "unique presumption" that shifts the burden of production on the scope-of-employment issue. *Our Lady of Peace*, 297 Va. at 848. Moreover, the Supreme Court of Virginia has recognized that it has "long since departed from the rule of non-liability of an employer for willful or malicious acts of his employee" in favor of a motive-based test. *Plummer*, 252 Va. at 236-37. Applying these principles, courts within Virginia routinely find that plaintiffs can state a claim for vicarious liability where they allege that an assault took place within an individual's scope of employment. *See, e.g.*, *Our Lady of Peace*, 297 Va. at 850 (holding that sexual assault and rape were not outside scope of employment); *Plummer*, 252 Va. at 234-35 (finding that whether psychologist was acting within scope of his employment when he had sexual intercourse with his patient was a question for jury); *Beach v. McKenney*, 82 Va. Cir. 436, 2011 WL 7493433, at *3 (Charlottesville 2011) (finding that whether assault, battery, and negligent and intentional infliction of mental distress by defendant on the plaintiff was within the scope of employment was a question for the jury). This Court could not identify any Virginia cases directly on point. The closest authority on this issue appears to be a decision from the South Carolina Supreme Court that held that, where an employee seeks to collect a debt owed, the employee acts in furtherance of his master's business for purposes of vicarious liability. *Crittenden v. Thompson-Walker*, 288 S.C. 112, 116 (1986). In *Crittenden*,

5

the South Carolina Supreme Court examined the facts of the case and relied on the facts that: (i) the employee was at a job site during normal working hours, giving instructions to employees as part of his general duties; and (ii) while on the premises in connection with his master's business, the employee engaged in an assault that was intended to coerce the plaintiff to pay a debt owed to the master.  *Id*.  Thus, the South Carolina Supreme Court reasoned that a reasonable jury could find that the assault was in furtherance of the master's business.  *Id*.  The Court finds the analysis of the South Carolina Supreme Court persuasive and, applying that analysis here, it compels the same result.  Here, based on the facts alleged in the Complaint, Micah was at the address as part of his business driving for Uber and assaulted Plaintiff to coerce payment of a debt owed to Uber; therefore, a reasonable jury could determine that Micah the assault was in furtherance of Uber's business. Adopting the analysis of the South Carolina Supreme Court, the motion to dismiss Counts II, VI, X, and XIV on this basis will be denied.[4]

      B.   Plaintiff Does Not Sufficiently Allege Negligent Hiring, Entrustment, and Retention

The Uber Defendants argue that Plaintiff's negligent hiring (Counts III, VII, XI, and XV), negligent entrustment (Counts IV, VIII, XII, and XVI), and negligent retention claims (Counts V, IX, XIII, and XVII) must be dismissed because Micah's three prior traffic violations do not put the Uber Defendants on notice for Micah's alleged propensity to injure others.  Dkt. 13 at 2. Plaintiff argues that, because the Uber Defendants knew that Micah was an "unsafe individual," the Uber Defendants are liable.  Dkt. 15 at 12.  The Court agrees with the Uber Defendants and finds that Plaintiff fails to plead sufficient facts to support these claims.

---

[4] Because Plaintiff has sufficiently alleged that Micah was acting within the scope of his employment, the Court need not address Plaintiff's alternative argument that Plaintiff was owed a higher duty of care because the Uber Defendants were common carriers.

To state a claim for negligent hiring, a plaintiff must show that a defendant knew or should have known through reasonable investigation about the employee's propensity to cause injury to others at the time of hiring. *A.H. ex rel. C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 627 (2019). The inquiry for negligent hiring is whether the specific danger that caused harm to the plaintiff was reasonably foreseeable at the time of hiring. *Doe ex rel. Doe v. Baker*, 299 Va. 628, 645 (2021). To state a claim for negligent entrustment, a plaintiff must show that "the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." *Denby v. Davis*, 212 Va. 836, 838-39 (1972). When evaluating facts for a negligent entrustment claim, the Supreme Court of Virginia considers whether "the owner had notice of some physical or mental defect of the driver." *Darnell v. Lloyd*, No. 4:14CV94, 2016 WL 1464564, at *2 (E.D. Va. Apr. 13, 2016). To state a claim for negligent retention, a plaintiff must show that harm results from an employer's negligence in retaining an employee whom the employer knew or should have known was dangerous and likely to cause harm to others. *A.H. by next friends C.H.*, 297 Va. at 629. The allegation must show that the employer was negligent in failing to terminate such a dangerous employee. *Id.* ("[A] prima facie case of negligent retention requires an amplified showing that both the nature and gravity of the risk render unreasonable any mitigating response short of termination.").

Plaintiff asserts that the Uber Defendants knew or should have known about Micah's prior traffic violations that involve "driving 90 miles per hour in a 65 miles per hour zone, . . . driving on an expired driver's license, . . . [and] fail[ing] to control his vehicle to avoid a collision," but still hired Micah to "interact with passengers and . . . safely drive them to their destinations." Dkt. 15 at 14; Dkt 1-2 ¶¶ 20-22. Plaintiff argues that the traffic violations demonstrate Micah's general

7

propensity to injure others and that the Uber Defendants should have foreseen that Plaintiff's injuries would occur as a result of Micah's propensity. Dkt. 15 at 14-15.

Plaintiff's argument fails. In *Interim Pers. of Cent. Va., Inc. v. Messer*, 263 Va. 435 (2002), the Supreme Court of Virginia reversed the lower court's holding that an alumni association's hiring of a driver was not a proximate cause of the plaintiff's injuries. *Messer*, 263 Va. at 441-42. The *Messer* Court based its reasoning on a finding that the mere record of the driver's history of DUI and failure to pay fines or attend counseling "would not place a reasonable employer on notice or make it foreseeable that [the driver] would steal a truck . . . and cause an accident on the open highway distant from the environs of his job." *Id.* Similarly, here, Micah's prior traffic violations do not constitute the specific danger that the Uber Defendants should have foreseen at the time of hiring because Plaintiff's alleged injuries did not arise out of a traffic violation involving an automobile. Judges within this District have also recognized that, "[n]otice of an employee's bad acts, unrelated to the harm at issue . . . are not sufficient to place a defendant on notice of the employee's dangerousness." *Ingleson v. Burlington Med. Supplies*, 141 F. Supp. 3d 579, 586 (E.D. Va. 2015). Here, traffic violations are starkly different from assault and did not place the Uber Defendants on notice of the likelihood of the harm that Plaintiff is alleged to have suffered. Thus, Plaintiff has failed to state a claim for negligent hiring.

Plaintiff's theory of negligent entrustment does not easily fit the circumstances of this case. To begin with, the Supreme Court of Virginia ordinarily describes negligent entrustment as: "[a]n owner (entrustor) who entrusts his motor vehicle to another person (entrustee) may be liable in some circumstances to a third party who is injured because of the entrustee's negligence." *Hack v. Nester*, 241 Va. 499, 503 (1990). But here, Plaintiff does not allege that the Uber Defendants owned a vehicle that Micah was driving at the time of the incident. Therefore, the Uber Defendants

8

did not entrust their vehicle to Micah. Moreover, Micah's driving record does not present a physical or mental defect that would put the Uber Defendants on notice that they were entrusting a vehicle to an unfit driver. Judges in this District, applying Virginia law, have held that there can be no negligent entrustment claim where a traffic violation or license suspension had no connection to the ultimate incident. *See, e.g.*, *Goff v. Jones*, 47 F. Supp.2d 692, 697 (E.D. Va. 1999) (granting motion to dismiss a negligent entrustment claim where "Plaintiffs have not shown that the suspension of driving privileges in Virginia had any connection whatsoever to the accident"). The Supreme Court of Virginia has held that even knowledge that an individual "*occasionally* drove after drinking" and "*occasionally* drank enough to 'affect' him" was not enough for a negligent entrustment claim. *Hack*, 241 Va. at 506 (emphasis in original). Here, the Uber Defendants had much less than the defendant there – they knew only that Micah occasionally violated traffic laws and had no notice that Micah would assault someone. Thus, Plaintiff's negligent entrustment claim will be dismissed.

Lastly, Plaintiff's negligent retention claim also fails for the same reasons that Plaintiff's negligent hiring claim fails. *See Darnell v. Lloyd*, 2016 WL 1464564, at *3 (E.D. Va. Apr. 13, 2016) ("Negligent hiring and negligent retention require essentially the same allegations; the difference lies in when the employer knew or should have known about its employee's misconduct and taken appropriate action"). Again, the risk of the harm must be similar to the harm actually suffered. *Ingleson*, 141 F. Supp. 3d at 586. Here, the Uber Defendants were on notice about the risk of traffic infractions – not the risk of an assault.[5] Accordingly, Plaintiff's claim for negligent retention will be dismissed.

---

[5] The Uber Defendants assert that the traffic offenses do not disqualify Defendant Micah from working as a TNC partner under Virginia Code § 46.2-2099.49. Dkt. 13 at 12. However,

9

For the foregoing reasons, the Court finds that Plaintiff has not set forth sufficient factual allegations to state claims for negligent hiring (Counts III, VII, XI, and XV), negligent entrustment (Counts IV, VIII, XII, and XVI), and negligent retention claims (Counts V, IX, XIII, and XVII). Therefore, Defendants' Motion to Dismiss will be granted with respect to those counts.

### III. CONCLUSION

For the reasons articulated in this Memorandum Opinion, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 12) is GRANTED-IN-PART AND DENIED-IN-PART; and it is

FURTHER ORDERED that the Motion is GRANTED with respect to Counts III, IV, V, VII, VIII, IX, XI, XII, XIII, XV, XVI, and XVII, which are DISMISSED; and it is

FURTHER ORDERED that the Motion is DENIED with respect to Counts II, VI, X, and XIV; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file a notice within thirty (30) days with respect to the status of service of the Complaint and Summons on Defendant Kehinde Idogho Micah and whether Micah is in default.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
March 4, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

---

based upon the forgoing disposition, the Court need not consider this argument in consideration of the motion to dismiss.